**IN UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL RODGERS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CURRAN FROMHOLD, et al.** | : | **NO. 07-3613** |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2009, upon consideration of the Plaintiff's Motion for Leave to Amend Complaint, and Defendants' response hereto,

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
J.

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RODGERS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CURRAN FROMHOLD, et al. | : | NO. 07-3613 |
| Defendants | : | |

**DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants, Curran Fromhold Correctional Facility, et al hereby moves this Honorable Court for an Order denying Plaintiff's Motion for Leave to Amend Complaint. In support of this motion, defendants rely upon their Memorandum of Law filed contemporaneously herewith.

Respectfully submitted,

BY: /s/ Niya L. Blackwell
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Date: May 21, 2009     (215) 683-5433

# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL RODGERS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CURRAN FROMHOLD, et al. | : | NO. 07-3613 |
| Defendants | : | |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants, Curran Fromhold Correctional Facility, file this Memorandum of Law in Opposition to Plaintiff's Leave to File an Amended Complaint.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY.

On April 3, 2008, Plaintiff, Michael Rodgers was an inmate at Curran Fromhold Correctional Facility. At approximately 8:30 p.m. Correctional Officer Damion Samuels went to Plaintiff's cell to provide him with a blanket. As C/O Samuels opened the door to the cell, Plaintiff attempted to depart. Plaintiff was advised to return and a struggle ensued. Officer Shawn Jay arrived to assist Officer Samuels and Plaintiff was then handcuffed and escorted to the sally port.

Shortly thereafter, Sgt. James Hamilton and Lt. Thomas Babiasz arrived at the sally port and observed Plaintiff in handcuffs and struggling to get out of the restraints. Plaintiff was then escorted to Medical, examined and released.

On August 30, 2007, Plaintiff filed a Complaint alleging Civil Rights violations against the Curran-Fromhold Correctional Facility.

Now, more than three years after the underlying incident, Plaintiff has filed the instant Motion for Leave to File an Amended Complaint, and is attempting to add three officers as defendants.

II. **ARGUMENT**

A. **PLAINTIFF'S CLAIMS AGAINST THE NEWLY NAMED OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS.**

A motion to amend a complaint should be denied where the proposed amendment is futile. An amendment is considered "futile" if the proposed amendment will not withstand a motion to dismiss. Jablonsky, supra, 863 F.2d at 292. Thus, a motion to amend is properly denied where the claim to be added is barred by the applicable statute of limitations. Id. See also Smith v. American Red Cross, 876 F. Supp. 64 (E.D. Pa. 1994); Glaziers and Glass Workers Union Local No. 252 Annuity Fund v. Janney Montgomery Scott, Inc., 155 F.R.D. 97 (E.D. Pa. 1994).

In Pennsylvania, plaintiff must bring a cause of action within two years of the injury giving rise to the alleged violations. See 42 Pa. C.S.A. §5524. Thus, any claims against an individual officer must have been asserted on or before April 3, 2008.

Plaintiff did not institute suit against the newly named officers within the statute of limitations. Therefore, the claims against the newly named officers are time-barred. The amendment to Plaintiff's Complaint is futile, and should not be allowed.

### B. PLAINTIFF HAS THE BURDEN TO DETERMINE WHO THE CORRECT PARTIES ARE WITHIN THE STATUTE OF LIMITATIONS

Plaintiff, as the injured party, has the burden "once he discovers the cause of his injuries…to determine within the statutory period…the party or parties whose negligence or breach of duty was responsible for the event or the condition." <u>Cathcart v. Keene Indus. Insulation</u>, 471 A.2d 493, 501 (Pa. Super. Ct. 1984).

It was Plaintiff's burden to name the correct parties within the statute of limitation period and he failed to do so. For this reason , Plaintiff's Motion for leave to Amend should be denied.

## IV. CONCLUSION

For all the foregoing reasons, defendants respectfully request that this Court deny Plaintiff's Motion For Leave to File an Amended Complaint.

.

                                      Respectfully submitted,

                                      BY:   <u>/s/ Niya L. Blackwell</u>
                                      Deputy City Solicitor
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 14th Floor
                                      Philadelphia, PA  19102
Date:  May 21, 2009                  (215) 683-5433

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHEL RODGERS** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| vs. | : | **NO. 07-3613** |
| **CURRAN-FROMHOLD, et al.** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the within Motion was made on the 21st day of April 2009, by filing with the Court, via ECF, and served upon the following, via first class mail, postage prepaid:

> Michael Rodgers
> GW-9911, SCI-Somerset
> 1600 Walters Mill Rd.
> Somerset, Pa. 15510

> **/s/**Niya L. Blackwell
> Niya L. Blackwell
> Deputy City Solicitor

Dated: 5/21/09