# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL RODGERS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CURRAN FROMHOLD, et al. | : | NO. 07-3613 |
| Defendants | : | |

# ORDER

**AND NOW**, this _____ day of _____, 2009, upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants, and any responses thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED.** Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
J.

# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RODGERS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CURRAN FROMHOLD, et al. | : | NO. 07-3613 |
| Defendants | : | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, Curran Fromhold Correctional Facility, et al hereby moves this Honorable Court for an Order denying Plaintiff's Amended Complaint. In support of this motion, defendants rely upon their Memorandum of Law filed contemporaneously herewith.

                                      Respectfully submitted,

                                      BY:   /s/ Niya L. Blackwell
                                      Deputy City Solicitor
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 14th Floor
                                      Philadelphia, PA  19102
Date:  June 25, 2009                (215) 683-5433

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL RODGERS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CURRAN FROMHOLD, et al. | : | NO. 07-3613 |
| Defendants | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Curran Fromhold Correctional Facility, file this Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Amended Complaint.

**I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On April 3, 2008, Plaintiff, Michael Rodgers was an inmate at Curran Fromhold Correctional Facility. At approximately 8:30 p.m. Correctional Officer Damion Samuels went to Plaintiff's cell to provide him with a blanket. As C/O Samuels opened the door to the cell, Plaintiff attempted to depart. Plaintiff was advised to return and a struggle ensued. Officer Shawn Jay arrived to assist Officer Samuels and Plaintiff was then handcuffed and escorted to the sally port.

Shortly thereafter, Sgt. James Hamilton and Lt. Thomas Babiasz arrived at the sally port and observed Plaintiff in handcuffs and struggling to get out of the restraints. Plaintiff was then escorted to Medical, examined and released.

On August 30, 2007, Plaintiff filed a Complaint alleging Civil Rights violations against the Curran-Fromhold Correctional Facility.

Now, more than three years after the underlying incident, Plaintiff has filed an Amended Complaint, adding three officers as defendants.

## II. ARGUMENT

### A. PLAINTIFF'S CLAIMS AGAINST THE NEWLY NAMED OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS

An amendment is considered "futile" if the proposed amendment will not withstand a motion to dismiss. Jablonsky, supra, 863 F.2d at 292. In Pennsylvania, a plaintiff must bring a cause of action within two years of the injury giving rise to the alleged violations. See 42 Pa. C.S.A. §5524. Thus, any claims against an individual officer must have been asserted on or before April 3, 2008.

Plaintiff did not institute suit against the newly named officers within the statute of limitations. Therefore, the claims against the newly named officers are time-barred. The amendment to Plaintiff's Complaint is futile, and should not be allowed.

### B. PLAINTIFF HAS THE BURDEN TO DETERMINE WHO THE CORRECT PARTIES ARE WITHIN THE STATUTE OF LIMITATIONS

Plaintiff, as the injured party, has the burden "once he discovers the cause of his injuries…to determine within the statutory period…the party or parties whose negligence or breach of duty was responsible for the event or the condition." Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 501 (Pa. Super. Ct. 1984).

It was Plaintiff's burden to name the correct parties within the statute of limitation period and he failed to do so. For this reason , Plaintiff's Amended Complaint should be dismissed.

## III. CONCLUSION

For all the foregoing reasons, defendants respectfully request that this Court deny Plaintiff's Amended Complaint.

.

                                        Respectfully submitted,

                                        BY:   /s/ Niya L. Blackwell
                                        Deputy City Solicitor
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA  19102
Date    June 25, 2009                 (215) 683-5433

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHEL RODGERS** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| vs. | : | **NO. 07-3613** |
| **CURRAN-FROMHOLD, et al.** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the within Motion was made on the 25th day of June 2009, by filing with the Court, via ECF, and served upon the following, via first class mail, postage prepaid:

>Michael Rodgers
>GW-9911, SCI-Somerset
>1600 Walters Mill Rd.
>Somerset, Pa. 15510

>/s/Niya L. Blackwell
>Niya L. Blackwell
>Deputy City Solicitor

Dated: June 25, 2009